UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P616-H

**JESS HENSLEY**                                                                                       **PLAINTIFF**

v.

**LT. CHRISTOPHER KAMPSCHAEFER** *et al.*                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint (DN 1) and amended complaint (DN 6) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss some of the claims and allow others to proceed beyond initial screening.

### I. SUMMARY OF CLAIMS

Plaintiff Jess Hensley, a convicted inmate incarcerated at the Kentucky State Reformatory ("KSR"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 against KSR Security Lieutenant Christopher Kampschaefer, KSR Security Correctional Officer Heitzman, and the Kentucky Department of Corrections. He sues each Defendant in his/her individual and official capacities and seeks monetary and punitive damages and an injunction "directing Defendants to stop campaign of harassment."

Plaintiff reports that after he filed a state civil action in Oldham County seeking to keep tobacco products at KSR, he "noticed a pattern of cell searches placed upon him such as two in two days, 6 in 5 wks, and . . . 10 cell searches in 13 wks." Plaintiff highlights two searches. Defendant Kampschaefer performed a cell search on July 9, 2007, and Defendant Heitzman performed the second search on July 18, 2007. Plaintiff claims that in addition to Defendants damaging his family pictures and legal documents during these two searches, they "desecrated" and "disrespected" his

"Native American Ceremonial Religious properties."[1] He thus claims that Defendants Kampschaefer and Heitzman violated his First Amendment rights of freedom of religion, freedom of speech and freedom from retaliation. Plaintiff claims that Defendant Kentucky Department of Corrections also violated his First Amendment rights "by endorsing Defendants[] Kampschaefer and Heitzman's acts through the inmate grievance mechanism."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in

---

[1] In an attached grievance, Plaintiff identifies the "Religious properties" as three religious books, a cross, two pouches, a candle and a "homemade display."

the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  Kentucky Department of Corrections

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the DOC is not a "person" under the Act, the

Court will dismiss the claims against the DOC for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the DOC. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).[3] In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, the Court will also dismiss all claims against the DOC for lack of subject matter jurisdiction.

### B. Defendants Kampschaefer and Heitzman

#### 1. Official capacity claims for damages

The official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will*, 491

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3]*See also Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101-02 & n.11); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews*, 35 F.3d at 1049 (same). Consequently, the § 1983 official capacity claims for damages against Defendants Kampschaefer and Heitzman must be dismissed.

### 2. Remaining claims

On review, the Court will allow Plaintiff's First Amendment claims to proceed against Defendants Kampschaefer and Heitzman in their individual capacities and in their official capacities for injunctive relief. In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005